Wilson, P. J.
Certain mining property liad been sold by the .sheriff of Gunnison county under a special execution issued to him upon a judgment rendered by the district court in and for Lake county. This suit was instituted in the district court of Gunnison county to secure an injunction restraining the then sheriff.of that county from executing a deed for the property theretofore sold, to the -holder of the certificate of sale. After service of summons, the defendant therein appearing specially and in that capacity alone, -moved the court to dismiss because of want of jurisdiction. The grounds set forth in the motion were as follows:
“First. That it appears from the complaint that plaintiff seeks an injunction to stay the process of a judgment existing and entered in the district court of Lake county.
“Second. That it appears from the complaint that plaintiff seeks to restrain the execution process of a court of co-ordinate jurisdiction.
“Third. That the action of plaintiff can only be prosecuted, if it can be maintained at all, in the *312 court in which said judgment is entered, and out of which said execution process is issued.
“Fourth. That it does not appear that the defendant herein is the real party in interest in this action. ’ ’
The court sustained the motion upon the first three grounds set forth therein, and dismissed the action, it being recited in the record that the fourth paragraph of the motion was not presented or considered at all.
The sole question presented is whether the court erred in the dismissal of the action on the ground that it was without jurisdiction to entertain it, for the reasons set forth in the motion. This question has been heretofore squarely presented, and decided by this court adversely to the contention of appellee, and to the ruling of the court in this case. —Smith v. Morrill, 12 Colo. App. 243.
For the reasons there given, and which it is wholly unnecessary to repeat here, the judgment in this case must be reversed. The determination of the question presented does not depend in the slightest particular upon the merits of the case. It is immaterial upon what grounds plaintiff sought the relief demanded. In the Morrill case it was expressly •held that if the suit were commenced in another county than that in which the action might or should be tried under the provisions of the code, it was not a jurisdictional or fatal defect. The remedy is to change the venue, if the defendant objects and makes application for such change.
In oral argument counsel for appellee suggested some questions bearing upon the merits of the case, but upon these the court is not now at liberty to pass. Only one question is presented by the record and to that we are restricted.
The judgment must be reversed.

Reversed.